IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN E. KURZ; MICHELLE M. KURZ, | |
| Plaintiffs, | Civil No. 16-8681(RMB/AMD) |
| v. | **OPINION** |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

BUMB, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the filing of a Motion to Dismiss [Dkt. No. 15] by Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant"). State Farm seeks to dismiss Plaintiffs John E. Kurz and Michelle Kurz's (the "Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**I.  Factual and Procedural Background**

The following facts are taken from Plaintiffs' Complaint and are accepted as true for the purposes of this review.

Plaintiffs own the real property located at 397 Friendship Road (a/k/a 102 Harmony Road), Clarksboro, New Jersey (the "Property") and have resided there at all times relevant to this case. (Compl. ¶ 1, 3, 8). On August 28, 2011, Hurricane Irene

hit New Jersey, resulting in high wind speeds that damaged the Property. (Id. at ¶ 3). On October 29-30, 2012, just over a year after Hurricane Irene hit New Jersey, Hurricane Sandy struck the state. (Id. at ¶ 8). The winds from the Hurricane also caused damage to the Property. (Id.)

At the time of each of these storms, Plaintiffs had a homeowner's insurance policy issued by Defendant, Policy Number 30-CD-3885-0 (the "Policy"). (Id. at ¶ 4, 9). The Policy was effective as of March 19, 2011, and had a one-year policy period subject to automatic annual renewal upon payment of the required premiums. (Id. at ¶ 14). Plaintiffs made claims under this policy after both Hurricane Irene (claim number 30-Y012-157) and Hurricane Sandy (claim number 30-3K75-117). (Id. at ¶ 5, 10). Defendant denied portions of both of these claims. (Id. at ¶ 5, 6, 11, 12).

On October 11, 2016, Plaintiffs filed a six-count Complaint in the Superior Court of New Jersey, Law Division, Civil Part, Gloucester County (Docket Number GLO-L-1232-16) seeking declaratory judgments as to coverage for the damage to the Property from Hurricane Irene (Count I) and Hurricane Sandy (Count II), and alleging breach of contract (Count III), breach of the covenant of good faith and fair dealing (Count IV), unjust enrichment (Count V), and "any and all additional causes of action as are permitted under the laws of the State of New

Jersey, its statutes and common law" (Count VI). Plaintiffs' claims each boil down to the following contention: Defendant wrongly refused to provide Plaintiffs with the coverage to which they were entitled under the Policy.

On November 21, 2016, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(1). Defendant filed this Motion to Dismiss on February 1, 2017, seeking, under Fed. R. Civ. P. 12(b)(6), an Order dismissing Plaintiffs' Complaint in its entirety or, in the alternative, dismissing Counts IV, V, and VI, along with Plaintiffs' claims for consequential damages and attorney's fees. Plaintiffs filed their opposition on February 21, 2017.

**II. Legal Standard**

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's

3

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Under New Jersey law, "determination of the proper coverage of an insurance contract is a question of law." Cnty. of Gloucester v. Princeton Ins. Co., 317 Fed. Appx. 156, 159 (3d Cir. 2008). "[T]he first step in examining an insurance contract is to determine whether an ambiguity exists." Pittston Co. Ultramar America Ltd. v. Allianz Ins. Co., 124 F.3d 508, 520 (3d Cir. 1997). An ambiguity exists when "the phrasing of the policy

4

is so confusing that the average policyholder cannot make out the boundaries of coverage." Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247, 405 A.2d 788 (1979). In determining whether an ambiguity exists, it is also important to remember that insurance contracts are generally viewed as contracts of adhesion, and accordingly, ambiguities in their language are interpreted against the drafter. Cnty. of Gloucester, 317 Fed. Appx. at 161.

"When the terms of an insurance contract are clear, [however,] it is the function of a court to enforce it as written and not make a better contract for either of the parties." Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43, 161 A.2d 717 (1960) (internal citation omitted). Moreover, "[a]bsent statutory [prohibitions], an insurance company has the right to impose whatever conditions it desires prior to assuming its obligations and such provisions should be construed in accordance with the language used." Id.

### III. Analysis

In support of its Motion to Dismiss, Defendant raises the following arguments:

(1) Any claims with respect to coverage for damage caused by Hurricane Irene (Counts I, III, IV, V) are time-barred by the "Suit Against Us" provision in the Policy;

(2) Any claims with respect to coverage for damage caused by Hurricane Sandy (Counts II, III, IV, V) are barred under the Policy because Plaintiffs failed to cooperate with

> Defendant and provide all required information, as mandated by the "Duties After Loss" and "Suit Against Us" provisions;

(3) Plaintiffs' Complaint fails to set forth any facts to support a claim for a breach of the covenant of good faith and fair dealing (Count IV);

(4) Because there was and is a valid, existing insurance contract between Plaintiffs and Defendant, Plaintiffs, as a matter of law, cannot invoke the quasi-contractual remedy of unjust enrichment (Count V);

(5) Count VI does not set forth any cause of action, and as such must be dismissed; and

(6) Plaintiffs' demands for consequential damages and attorneys' fees in the Wherefore Clause of each count are improper and should be dismissed.

(Def.'s Br. 1-3). The Court shall address these arguments in the order presented.

### A. Hurricane Irene Claims

Defendant seeks the dismissal of all of Plaintiffs' claims arising out of Hurricane Irene for failure to timely file suit. In support of its motion, Defendant cites the "Suits Against Us" provision of the Policy, at Section I – Conditions, ¶ 6, which provides

> No action shall be brought unless there has been compliance with the policy provisions. The action must be started within <u>one year</u> after the date of loss or damage.

(Policy No. 30-CD-3885-0, Ex. A to Cert. of Lorrie Moses) (emphasis added).[1] Specifically, Defendant argues that Plaintiffs failed to file suit within one year of any loss caused by Hurricane Irene, as required by the Policy. (Def.'s Br. 9). According to the Complaint, filed on October 11, 2016, the Property was damaged by Hurricane Irene on August 28, 2011. (Compl. ¶ 3). Defendant argues that this five year gap was too long, regardless of any tolling argument raised by Plaintiffs. (Def.'s Br. 9).

Plaintiffs do not dispute the validity of the limitations period in the Policy. (Pl.'s Br. 12). They argue, however, that their claims are not time-barred because either (1) the limitations period was extended under the doctrine of equitable tolling or (2) Defendant waived any statute of limitations defense it may have had. (Id. at 12-17). Specifically,

---

[1] Defendant relies on the Certification of Lorrie Moses, a Claims Specialist employed by Defendant, to clarify the dates upon which any coverage denials occurred, and to establish that Plaintiffs did not comply with the cooperation provisions of the Policy. Attached to Ms. Moses's Certification are several exhibits: a copy of the Policy and multiple emails and letters between the parties. Plaintiffs, in turn, offer exhibits of their own. Other than the Policy, the Court will not consider these exhibits at this stage. Nor will the Court exercise its discretion to convert this Motion to a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12(d), as requested by Plaintiffs in their brief. The issues on which the parties present this evidence can either be resolved by reference to the Complaint and the Policy or require the benefit of discovery to be properly decided, and can be raised at the summary judgment stage.

7

Plaintiffs argue that Defendant lulled them into a false belief regarding the likelihood that the claim would be settled without the need for litigation, thereby causing Plaintiffs to delay commencing their suit. (Id. at 14-16). Plaintiffs further argue that Defendant waived any potential limitations defense by continuing to communicate with Plaintiffs regarding the Hurricane Irene claims after the limitations period had passed. (Id. at 17).

Under New Jersey law, insurance actions are generally governed by the statute of limitations applicable to contracts. See Breen v. New Jersey Mfrs. Indemn. Ins. Co., 252 A.2d 49, 53 (Law Div. 1969), aff'd, 263 A.2d 802 (App. Div. 1970). The statute of limitations for "recovery upon a contractual claim or liability, express or implied," is six years. N.J.S.A. 2A:14-1. This rule, however, applies in the "[a]bsen[ce] [of] a provision in the insurance policy or an express statute to the contrary," and the parties are free to shorten this period by agreement. Walkowitz v. Royal Globe Ins. Co., 374 A.2d 40, 43 (App. Div. 1977), certif. dismissed, 384 A.2d 815 (1977); Gahnney v. State Farm Ins. Co., 56 F. Supp. 2d 491, 495 (D.N.J. 1999) (citing James v. Federal Ins. Co., 73 A.2d 720, 721 (N.J. 1950)("[t]he law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The

judicial function of a court of law is to enforce a contract as it is written.")(citation omitted)).

In this case, the "Suits Against Us" provision unambiguously provides that the statute of limitations for legal actions concerning the policy is "one year [from] the date of loss or damage." Plaintiffs do not take issue with the enforceability of this shortened time period. As mentioned, however, they do contend that the one-year period has been tolled. Plaintiffs are correct that the limitations period in an insurance policy may be subject to tolling. See Peloso v. Hartford Fire Insurance Co., 267 A.2d 498 (N.J. 1970). In Peloso v. Hartford Fire Insurance Co., the New Jersey Supreme Court interpreted policy language substantially similar to that at issue here[2] and held that the limitations period begins running on the date of the loss, but is tolled from the date an insured provides notice of the loss to the insurer (the "notice date") until liability is formally denied (the "denial date"). Peloso, 267 A.2d at 501. To effectively end the tolling and continue the running of the limitations period, the insurer must

---

[2] The language at issue in Peloso was borrowed from N.J.S.A. 17:36-5.20 and provided "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss." Peloso, 267 A.2d at 517. The "Suits Against Us" provision in the Policy is "consistent with N.J.S.A. 17:36-5.20." (Def.'s Br. 8 n.3).

9

unequivocally deny the claim. See Biegalski v. Am. Bankers Ins. Co. of Florida, No. 14-6197, 2016 WL 1718101, at *4-5 (D.N.J. Apr. 29, 2016) (discussing Azze v. Hanover Insurance Co., 336 N.J. Super. 630 (App. Div. 2001) (holding that tolling period had not ended where denial was insufficiently unequivocal)).

Moreover, as a general rule, "[t]ime limitations analogous to a statute of limitations[,]" like the limitations provision here, "are subject to equitable modifications such as tolling." Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617 (3d Cir. 1998) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)). Equitable tolling is typically applied in three scenarios: "(1) [where] the defendant has actively misled the plaintiff, (2) [where] the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) [where] the plaintiff has timely asserted his rights mistakenly in the wrong forum." Heyert v. Taddese, 431 N.J. Super. 388, 436 (App. Div. 2013) (quoting F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012)). "Absent a showing of intentional inducement or trickery by a defendant, the doctrine . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice." Binder v. Price Waterhouse & Co., L.L.P., 923 A.2d 293, 298 (N.J. Super. Ct. App. Div. 2007) (citation omitted). Equitable tolling "affords relief from inflexible,

harsh or unfair application of a statute of limitations," but "does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims." Freeman v. State, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002) (quoting Villalobos v. Fava, 775 A.2d 700, 708 (App. Div. 2001)).

Relevant to this case, a complaint may be dismissed under Rule 12(b)(6) on statute of limitations grounds where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations" and the plaintiff has not demonstrated that a recognized tolling doctrine might reasonably apply. Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978); Yang v. Odom, 392 F.3d 97, 101 (3d Cir. 2004); see also Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Oshiver, 38 F.3d at 1384 n.1; R.K. v. Y.A.L.E. Sch., Inc., 621 F. Supp. 2d 188, 202 (D.N.J. 2008). The Plaintiffs bear the burden of "plead[ing] the applicability of the doctrine." In re Cmty. Bank of N. Virginia, 622 F.3d 275, 301 (3d Cir. 2010), as amended (Oct. 20, 2010) (citing Oshiver, 38 F.3d at 1391–92). In other words, "the face of the complaint must set forth 'sufficient factual matter' to allow the court 'to draw the reasonable inference' that discovery will show that the [P]laintiff[s'] untimely claim is entitled to tolling." Menichino v. Citibank, N.A., No. CIV.A. 12-0058, 2013 WL

3802451, at *7 (W.D. Pa. July 19, 2013) (quoting Iqbal, 556 U.S. at 678).

From the face of Plaintiffs' Complaint, it appears that Plaintiffs have not timely filed their claims related to Hurricane Irene. Plaintiffs allege that "[o]n August 28, 2011, as a result of the wind speeds of Hurricane Irene, the Plaintiffs suffered property damage," that they made a claim, that the damage was covered under the Policy, and that the claim was not properly paid, in breach of the Policy. (Compl. ¶ 3-7). Importantly, Plaintiffs have pled no facts relative to either the post-notice, pre-denial tolling provided for by Peloso or equitable tolling. "[I]t is what the Plaintiffs knew or should have known, and what they did or reasonably should have done in response, that lies at the core" of these issues. Menichino, 2013 WL 3802451, at *6. "The Plaintiffs do not need to take discovery from themselves to flesh out these facts in the Complaint." Id. Similarly, whether or not the parties dispute the denial date – it appears from their briefs that they do – the Plaintiffs possess the information necessary to plead an alleged date.

Although Plaintiffs make a number of allegations in their brief concerning tolling, they have not plead these facts. Accordingly, because Plaintiffs' Hurricane Irene claims are facially untimely, and Plaintiffs have not pled any facts

suggesting that tolling applies, their claims regarding Hurricane Irene are dismissed, without prejudice. Plaintiffs, however, will be afforded the opportunity to amend the Complaint to add allegations that may set forth an entitlement to equitable tolling.

B. <u>Hurricane Sandy Claims</u>

With regard to Plaintiffs' claims arising out of the denial of coverage for damage sustained during Hurricane Sandy, Defendant contends that Plaintiffs failed to cooperate with Defendant's requests for information, thereby forfeiting both coverage and their right to bring suit. (Def.'s Br. 11-15). Plaintiffs deny that they failed to cooperate, arguing that they provided Defendant with "all the documentation in their possession at the time [it was requested]." They further aver that Defendant failed to establish the Plaintiffs' alleged failure to cooperate resulted in "appreciable prejudice" to Defendant. At a minimum, Plaintiffs argue, discovery is required on this issue, and dismissal at this stage would be premature. (Pl.'s Br. 18-25).

To support its argument, Defendant cites to the "Your Duties After Loss" provision of the Policy, Section 1 – Conditions, ¶ 2, which requires Plaintiffs, among other things, to "provide [State Farm] with records and documents [it] request[s] . . . as often as [State Farm] reasonably

13

require[s]." Defendant argues that in an effort to confirm that the damage claimed by Plaintiffs as a result of Hurricane Sandy was different from that sustained during Hurricane Irene, it made several requests to Plaintiffs for documentation, which Plaintiffs ignored or failed to properly comply with. (Def.'s Br. 11-12). According to Defendant, not only does this failure to cooperate breach the Policy and preclude coverage, but it further operates to preclude suit, as the "Suits Against Us" provision in the Policy provides that "[n]o action shall be brought unless there has been compliance with the policy provisions."

While it is true that an insured's failure to adhere to a "cooperation clause" in an insurance policy, at least under certain circumstances, may operate to preclude coverage under said policy, see Haardt v. Farmer's Mut. Fire Ins. Co., 796 F. Supp. 804, 809 (D.N.J. 1992) (collecting cases), the parties here dispute whether such a failure to cooperate on the part of an insured operates to forfeit coverage in the absence of proof of "appreciable prejudice" to the insurer. See (Pl.'s Br. 21-23; Def.'s Rep. Br. 8-9). At this stage, the Court will not resolve this issue given the parties' factual disputes. See Mariani v. Bender, 205 A.2d 323, 328 (N.J. App. Div. 1964) (Providing that "[o]rdinarily," the showing of deliberate material breach

required to relieve an insurer from its liability is an issue of fact) (citation omitted).

Dismissal under Fed. R. Civ. P. 12(b)(6) is therefore not appropriate. Defendant may again raise this issue once the facts necessary to its resolution have been developed.

### C. Count IV – Breach of the Covenant of Good Faith and Fair Dealing

Defendant next contends that Count IV of the Complaint, which seeks relief for a breach of the covenant of good faith and fair dealing ("bad faith" claim), should be dismissed because there is no factual support for such a claim set forth in the Complaint. (Def.'s Br. 16). In response, Plaintiffs argue that they should either be granted limited discovery on this claim or, in the alternative, leave to amend the Complaint.[3]

In order to establish a claim for bad faith denial of insurance benefits, a plaintiff must show "(1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." Johnson v. Liberty Mut. Ins. Co., No. 10-494, 2010 WL 2560489, at *2

---

[3] Plaintiffs also allege, for the first time, a series of facts that they believe support this claim. (Pl.'s Br. 30-31). The Court will not consider these facts in its analysis because they were not alleged in the Complaint.

(D.N.J. June 24, 2010) (quoting <u>Ketzner v. John Hancock Mut. Life Ins. Co.</u>, 118 Fed. Appx. 594, 599 (3d Cir.2004).

Plaintiffs do not allege that Defendant knowingly or with reckless disregard denied their claim without a "fairly debatable reason" for doing so. All Plaintiffs allege is that they suffered damage to the Property from both Hurricanes Irene and Sandy (Compl. ¶ 3, 8), and that their claims to recover for this damage were denied in breach of the Policy (<u>Id.</u> ¶ 6-7, 11-12) and in breach of the covenant of good faith and fair dealing (<u>Id.</u> ¶ 38). These conclusory allegations are not enough to survive a motion to dismiss. <u>See</u> <u>Twombly</u>, 550 U.S. at 556; <u>Iqbal</u>, 556 U.S. at 678-89 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Accordingly, Plaintiffs' claims for bad faith denial of benefits with regard to both Hurricanes Irene and Sandy are dismissed without prejudice. Plaintiffs, however, will be afforded the opportunity to amend the Complaint to properly allege such claims if they have a basis for doing so.

    D. <u>Count V – Unjust Enrichment</u>

Defendant moves to dismiss Plaintiffs' unjust enrichment claim, not on the basis of insufficient pleading, but rather because Plaintiffs allege the existence of a written contract between the parties. (Def.'s Br. 18). Plaintiffs do not dispute the proposition, set forth by Defendant, that unjust enrichment

16

is unavailable where there is a valid, express contract between the parties that covers the same subject matter as the claim of unjust enrichment. See St. Matthew's Baptist Church v. Wachovia Bank Nat'l Assoc., No. 04-4540, 2005 WL 1199045, *7 (D.N.J. May 18, 2005) ("[w]here there is an express contract covering the identical subject matter of [an unjust enrichment] claim, [a] plaintiff cannot pursue a quasi-contractual claim for unjust enrichment") (citing Winslow v. Corporate Express, Inc., 834 A.2d 1037, 1046 (N.J. Super. App. Div. 2003). Plaintiffs do argue, however, that because Fed. R. Civ. P. 8(d)(2) permits a party to plead alternative – and even inconsistent – claims, "unless and until it is determined that the contract between the Plaintiffs and Defendant is fully enforceable, dismissing Plaintiffs quasicontractual claim . . . [would be] premature." (Pl.'s Br. 33).

The Court agrees with Plaintiffs that they are entitled, under Fed. R. Civ. P. 8(d), to plead inconsistent alternative claims. See MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 736 (D.N.J. 2008) (collecting cases). Accordingly, the Court will deny Defendant's motion to dismiss Count V of Plaintiffs' Complaint without prejudice. The Court notes, however, that in the event the Policy is found to be valid, Plaintiffs are expected to dismiss this claim.

17

### E. Count VI – All other Causes of Action

In Count VI of the Complaint, titled "Other Relief," Plaintiffs "assert any and all additional causes of action as are permitted under the laws of the State of New Jersey, its statutes and common law against Defendant." Defendant seeks the dismissal of this claim, arguing that it "blatantly fails to satisfy the pleading requirements under the Federal Rules of Civil Procedure as it does not set forth the legal elements of any particular claim and, furthermore, fails to put forth a specific factual basis with respect to any particular or specific claim." (Compl. 19). The Court agrees. Count VI of the Complaint fails to state a claim and will be dismissed.

### F. Consequential Damages and Attorneys' Fees

Finally, in the "Wherefore Clause" of each count, Plaintiffs request consequential damages and attorney's fees. Defendant argues that Plaintiffs' claims do not entitle them to either of these forms of relief, and that all claims for attorney's fees and consequential damages should be dismissed.

First, with regard to consequential damages, Defendant argues that, except in the context of a bad faith claim, insurers are only liable up to the policy limits. (Def.'s Br. 21-22). Plaintiffs do not quarrel with Defendant's premise, but rather now argue facts that they believe support a bad faith claim. (Pl.'s Br. 34). The problem, however, is that such facts

are not contained in Count IV of the Complaint. If Plaintiffs properly re-plead bad faith in their amended complaint, they may be entitled to consequential damages for those claims. See Pickett v. Lloyd's, 621 A.2d 445, 454 (N.J. 1993). At this juncture, however, all claims for consequential damages must be dismissed. See Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F. Supp. 328, 334 (D.N.J. 1996).

Second, with regard to attorney's fees, Defendant contends that attorney's fees cannot be awarded in a first party property claim. (Id. at 22-23). In response, Plaintiffs point to Counts I and II, seeking declaratory judgments as to coverage, and argue that in actions for declaratory judgment, attorney's fees are available to the prevailing party. (Pl.'s Br. 36). The Court need not rule on this issue at this stage. The decision to award attorney's fees falls "within the sound discretion of the trial court," Shore Orthopedic Group, LLC v. Equitable Life Assurance Society of the United States, 938 A.2d 962, 968 (N.J. Super. App. Div. 2008), and there are multiple scenarios in which an award of attorney's fees could be warranted. It is therefore unnecessary at this stage in the litigation for the Court exercise its discretion to foreclose the possibility of such an award.

**IV. Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss is granted, in part, and denied, in part. An Order consistent with this Opinion shall follow.

s/ Renee Marie Bumb  
RENÉE MARIE BUMB  
United States District Judge

DATED: September 19, 2017